UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| JARMA LEE DEARMAN FARMER, | ) | Civil Action No. 1:14-cv-4898-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of the Joint Stipulation for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d), it is hereby,

ORDERED that Plaintiff, Jarma Lee Dearman Farmer, is awarded attorney fees under the EAJA in the amount of Three Thousand and Nine Hundred Dollars ($3,900.00) in attorney fees with Sixteen Dollars ($16.00) in expenses and Four Hundred Seven Dollars ($407.00) in costs. These attorney fees will be paid directly to Plaintiff, Jarma Lee Dearman Farmer, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).[1]

---

[1] **Error! Main Document Only.** Counsel has submitted an assignment, by Plaintiff, of the fees in this case (ECF No. 24-2) and, therefore, requests any award be made payable to him. In *Astrue v. Ratliff,* 560 U.S. 586, 598 (2010), the United States Supreme Court held that the EAJA requires attorneys' fees to be awarded directly to the litigant. *Id*. (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. This district, however, has fairly consistently found such assignments ineffective to require the Court to

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 4, 2016
Greenville, South Carolina

---

make payment directly to counsel.  *See Williams v. Astrue*, No. 2012 WL 6615130, at *4 (D.S.C. Dec. 19, 2012); *Phillips v. Astrue*, 2011 WL 5041751, at *1 (D.S.C. Oct. 21, 2011); *Tate v. Astrue*, 2010 WL 4860356, at *2 (D.S.C. Nov. 23, 2010); *Washington v. Astrue*, 2010 WL 3023028, at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel). At least one circuit court of appeals has additionally expressed concern that such contracts would constitute an "endrun" around the plain text of the EAJA, as interpreted in *Ratliff*. *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."). The undersigned has on some previous occasion ordered payment to counsel but only where the United States has accepted the assignment as valid; the government's practice in this regard has not been uniform. Here, the parties filed a Joint Stipulation (ECF No. 25) in which Defendant conditioned its acceptance of the assignment upon Plaintiff having no outstanding federal debt.

Because Defendant has not accepted the assignment as valid without conditions, and in keeping with the prudent decisions of this District, the Court declines to treat such an assignment as altering the Court's obligation, in payment, to Plaintiff directly. As the Court in *Ratliff* emphasized, the EAJA controls what the losing defendant must pay, "not what the prevailing plaintiff must pay his lawyer." *Ratliff,* 560 U.S. at 598.